

**GEORGIA DEPARTMENT OF LAW**
40 Capitol Square SW
Atlanta, Georgia 30334-1300

CHRISTOPHER M. CARR
ATTORNEY GENERAL

www.law.ga.gov
(404) 656-3300

Writer's Direct Dial:
(404) 458-3239
sgraham@law.ga.gov

December 16, 2020

David J. Smith
Clerk of Court
Eleventh Circuit Court of Appeals
56 Forsyth Street, N.E.
Atlanta, Georgia 30303

      RE:    *Demarcus Sears v. Eric Sellers, Warden*, No. 18-13467-P

Dear Mr. Smith:

This letter is in response to the "supplemental authority" filed by Demarcus Sears' counsel on December 16, 2020. The body of this letter contains 349 words.

1. *Andrus v. Texas*, No. 18-9674, 2020 U.S. LEXIS 3250 (June 15, 2020): *Andrus* is both factually and procedurally distinguishable from Sears' case. First, Andrus' ineffective-assistance claim was not reviewed under the AEDPA. Second, the mitigating evidence is substantially different. Third, *Andrus* was remanded to the trial court for a prejudice determination.

2. *Shinn v. Kayer*, No. 19-1302, 2020 U.S. LEXIS 6092 (Dec. 14, 2020): The Warden concurs that *Shinn* is applicable to this case for the reason stated by Sears—i.e. when there is a state court merits decision on both *Strickland* deficiency and prejudice, the decision on each prong must be independently assessed under 28 U.S.C. § 2254(d). Additionally, *Shinn* reaffirmed that, "[t]he prisoner must show that the state court's decision is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement.'" *Shinn,* 2020 U.S. LEXIS 6092, at *10 (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 786-87 (2011)). The Court reversed the Ninth Circuit's grant of relief because, in part, Kayer's new mitigating evidence of bipolar disorder and alcohol addiction could cause "reasonable jurists [to] debate the extent to which these

RE: *Sears v. Warden*
Case No. 18-13467-P
December 16, 2020
Page 2

factors significantly impaired his ability to appreciate the wrongfulness of his conduct or to conform his conduct to the law at the time of the murder." *Shinn*, No. 19-1302, 2020 U.S. LEXIS 6092, at *14.

3. *Reeves v. Commissioner*, No. 19-11779, 2020 U.S. App. LEXIS 35472 (11th Cir. Nov. 10, 2020). *Reeves* is distinguishable. In *Reeves*, the state court unreasonably "concluded" under *Strickland* that "that Mr. Reeves' 'failure to call his attorneys to testify [was] *fatal to his claims*.'" *Reeves*, 2020 U.S. App. LEXIS 35472, at *25 (emphasis added). No such holding exists in this case. Additionally, Reeves had—*inter alia*—extensive mental health records prior to committing his crimes and borderline intelligence functioning. *Id.* at *36-38. Sears alleged mitigating evidence is much weaker.

Thank you for your consideration.

Sincerely,


/s/ Sabrina D. Graham
Sabrina D. Graham
Counsel for Appellee



cc:  Jill Benton